## POULTER et al. v. JONES et al.
### No. 8554.

Court of Civil Appeals of Texas. Austin.

Dec. 31, 1937.

Robert Brown and Kerr & Gayer, all of San Angelo, for plaintiffs in error.

G. O'Neal Dendy, of San Angelo, for defendants in error.

BLAIR, Justice.

The parties will be designated as appellants and appellees.

Appellee Mrs. Hollyce Jones sued appellants, Fulton Emerson and Charlie Poulter, to recover her diamond ring; and in the alternative for $400, its value, and to recover $150 as exemplary damages against Emerson and $250 as exemplary damages against Poulter for alleged wrongful conversion of the ring. Appellee caused a writ of sequestration to issue for the ring; and it was replevied by appellants. A trial to the court without a jury resulted in a judgment for appellee against both appellants for title and possession of the ring; and judgment jointly against appellants and their bondsmen on the replevy bond for $400, in the event the ring should not be produced; and judgment against both appellants for $100 each as exemplary damages. Appellant Emerson was allowed a credit of $75 on the exemplary damages assessed against him as the amount of money loaned by him to appellee. This appeal is from that judgment.

The judgment must be reversed, and the cause remanded. No statement of facts accompanies the record, and the appeal is prosecuted upon findings of fact and conclusions of law by the trial court. Appellee alleged, and the trial court found, that on December 23, 1935, she borrowed $75 from Emerson, and executed a written agreement referred to as a "mortgage note," alleged to be usurious; that the note was for $90, payable $30 monthly, and provided that, in the event of default in the payment of any monthly installment, Emerson had the right to declare the entire note due and payable, and to foreclose the mortgage only by a legal foreclosure under its terms. Appellee alleged that she defaulted in the payment of the monthly installment due on January 24, 1936, and that within a few days thereafter Emerson, in direct violation of the terms of the mortgage, converted the ring to his own use and benefit by delivering it to appellant Charlie Poulter, and accepting Poulter's check for $90 therefor, within 10 days after the first installment on the note became due; and without legal foreclosure; that Emerson's transfer of the ring to Poulter was not in good faith, and was willful, and was done for the purpose of depriving appellee of the value of the ring; that before Emerson delivered the ring to Poulter she offered to pay the mortgage note in full, and within 53 days, after the first installment on the note became due, she actually tendered Emerson the full amount of the note, plus a $10 bonus, and demanded the ring; which tender and payment were refused by Emerson. Poulter was alleged and found not to be an innocent purchaser.

Having sued for the ring and having sequestered it, and having recovered

judgment for the ring, no judgment for conversion could have been or was rendered. The judgment for $400 was in the alternative, and was against appellants and their bondsmen on the replevy bond in the event the ring was not delivered to appellee. In such circumstances, appellee would not be entitled to recover the ring until the legal amount of the debt due on the mortgage note was paid. She could not pursue the property and at the same time sue for its conversion, except by alternative cause of action; and having elected to recover the property, or to prevent appellant Emerson from appropriating it without legal judicial foreclosure in violation of the loan contract, she was at least required to tender into court the legal amount due on the note secured by the chattel mortgage or pledge lien on the ring before she would be entitled to recover the ring. To permit appellee to sue for the property, and at the same time to recover damages for its conversion, would authorize the pursuit of two inconsistent remedies. See Sabine Motor Co. v. W. C. English Auto Co., Tex.Com.App., 291 S.W. 1088, and cases there cited, for analogous holdings.

Not being entitled to actual damages for conversion, no exemplary damages for conversion were recoverable.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.